## In re UNITED MARINE CONTRACTING CORPORATION.
### No. 27440.

District Court, E. D. New York.
May 22, 1935.

Herman G. Robbins, of Brooklyn, N. Y., for trustee.

Alexander, Ash & Jones, of New York City, for Dalzell Towing Co., Inc., and Chester A. Poling, Inc.

MOSCOWITZ, District Judge.

This is a motion for the following relief: "Modifying the stay heretofore entered in the above entitled proceeding and permitting the maritime lienors, Dalzell Towing Company, Inc., and Chester A. Poling, Inc., to proceed in admiralty under the libels filed against the barge 'Maryland,' and to file libels against the other vessels or floating equipment of the above named debtor to recover the amounts respectively due them, as set forth in their claims heretofore filed in the above entitled matter with the same force and effect as if no such stay of admiralty proceedings against such vessels had been entered and to proceed to final decrees and orders of sale against such vessels and discharging the said vessels from the possession, custody and control of the debtor and the trustee, and to restore the barge 'Maryland' to the custody and control of the United States Marshal for this District, free from any restraint or control of the said debtor and the trustee."

On December 28, 1934, the Dalzell Towing Company, Inc., filed its libel in this court against the barge Maryland, to recover the sum of $273, upon its maritime lien enforceable in rem against the above named vessel. The libel set forth that between June 8, 1934, and November 26, 1934, the libelant, at the special instance and request of the master, agent, and owner of the vessel, performed work and towage, which were fit, proper and necessary for the barge Maryland, in the sum of $273. Coupled with this general allegation was one of an account stated. The fourth allegation of the libel specifically alleged that under the Act of Congress, approved June 5, 1920, § 30, subsec. P (46 USCA § 971), libelant's said lien became and then was a maritime lien upon the said vessel.

Subsequent to the filing of the libel, process in rem was issued and the vessel actually attached by the United States marshal for this District on the 28th of December, 1934. Such subsequent proceedings were had, proclamation made, default of all parties noted upon the return of the monition, and on January 11, 1935, this court entered in the usual form its interlocutory decree and order of reference noting the default and directing that libelant recover the amount due it by reason of the matters and facts set forth in the libel. Then followed the usual order of ref-

erence to compute the amount due the libelant.

On January 15, 1935, subsequent to the attachment of the vessel in admiralty and subsequent to the entry of the interlocutory decree, the above-named debtor filed its voluntary petition pursuant to section 77B of the Bankruptcy Act (11 USCA § 207), in which proceeding a trustee was appointed. The order appointing the trustee contained the usual clause enjoining all the proceedings.

On February 8, 1935, a hearing was had before this court at which time the trustee's appointment was made permanent. At that time, a representative of Alexander, Ash & Jones, Esqs., appeared. The court gave consideration to several questions including the one regarding the release of the Maryland from the custody of the United States Marshal.

On February 15, 1935, an order was entered granting the creditors until April 11, 1935 to file their claims. Prior to April 11, 1935, Chester A. Poling, Inc., and Dalzell Towing Company, Inc., both represented by Alexander, Ash & Jones, Esqs., filed their claims in this proceeding.

The question for consideration is whether the court has power to direct the sale of all of the debtor's assets free from the libel alleged by Chester A. Poling, Inc., and also whether the said claimants can be compelled to prove their claims before a special master to be appointed by this court. Section 77B contemplated the complete control by the court of the assets of the debtor.

The lienors in the admiralty proceeding will be protected by the court in this proceeding. In view of the fact that the interlocutory decree has been made in the admiralty case, and for the purpose of this case only, I think it desirable that the commissioner appointed in the admiralty case determine the amount due the libelant. The trustee may appear before the commissioner in the admiralty case. All questions concerning the alleged lien will be reserved by the court for determination in this proceeding under section 77B of the Bankruptcy Act.

Settle order on notice.